IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1:16-cv-00416-RM-NYW

JACK BALDWIN and ZURICH AMERICAN INSURANCE CO.,

    Plaintiffs,

v.

COMPLETE ENERGY SERVICES, INC.,

    Defendants.

## DEFENDANT'S DESIGNATION OF NON-PARTY AT FAULT

Pursuant to C.R.S. § 13-21-111.5(3)(b), Defendant Complete Energy Services, Inc. ("Complete") hereby designates the following non-party who may be wholly or partially at fault in this matter. The following designation is made based on the information reasonably available and known to Complete as of this date. Complete designates the non-party listed below without waiving the right to supplement or revise this designation as investigation and discovery in this matter progress. While denying that Complete caused or contributed to any of Plaintiff's alleged damages and maintaining all affirmative defenses, Complete affirmatively and alternatively pleads that the following non-party may be responsible, in whole or in part, for the damages Plaintiff alleges in this lawsuit:

1.  **Heat Waves Hot Oil Service, LLC, 501 S. Cherry Street #320, Denver, Colorado 80246, (719) 867-9042**. This lawsuit arises out of an accident that occurred at the Battlement Mesa 34-43B well site when Plaintiff Jack Baldwin was injured during what he alleges was the "steaming out" process after the day's fracking operations. Plaintiff claims that a

hose and a camlock fitting that were used during the "steaming out" process broke during the subject accident.

At the time of the subject accident on March 23, 2014, Plaintiff was an employee of Heat Waves Hot Oil Service, LLC (hereinafter "Heat Waves"). Upon information and belief, Heat Waves provides frac water heating, hot oiling, and well acidizing services. Plaintiff was acting within the scope of his employment at the time of the accident and claims that Workers' compensation paid all of his medical bills related to the accident. Shawn Gardiner, Plaintiff's coworker, was also an employee of Heat Waves. Mr. Gardiner was present and, like Plaintiff, acting within the scope of his employment at the time of the accident.

Heat Waves was responsible for training its employees (including, but not limited to, Plaintiff and Mr. Gardiner) to use the appropriate hoses, camlocks, fittings, and other equipment. Specifically, this includes, but is not limited to, the responsibility to train employees on whether aluminum or stainless steel camlocks were required under certain circumstances, as well as the responsibility to train employees on proper inspection of equipment to verify its condition before use. Additionally, Heat Waves was responsible for training its employees to properly use the equipment at issue in this case. Heat Waves also was responsible for ensuring that Plaintiff and Mr. Gardiner followed proper safety procedures on the well site and operated equipment in a safe manner, including the use of appropriate safety gear. Moreover, upon information and belief, Heat Waves provided the truck, hoses, and some connections used by Plaintiff and Mr. Gardiner at the time of the accident. Heat Waves had a duty to ensure that the equipment it provided to its employees, including Plaintiff and Mr. Gardiner, was in good condition and was fit for use on

2

the Battlement Mesa 34-43B site. Upon information and belief, Heat Waves failed to fulfill these duties.

Given these facts and others, Complete designates Heat Waves as a nonparty at fault who may be wholly or partially liable for the injuries or damages alleged in Plaintiff's Amended Complaint. A jury may find that Heat Waves is wholly or partially at fault because it, and not Complete, provided the equipment that caused or contributed to the accident and also failed to properly train, supervise, and equip Plaintiff for his job. Heat Waves's actions constituted negligence and caused Plaintiff's damages. In the event that Complete is found liable to Plaintiff, Plaintiff's damages should be reduced to reflect Heat Waves's comparative fault.

Dated:  June 20, 2016.                          Respectfully submitted,


*s/Jennifer L. Parker*
Michael L. O'Donnell
David J. Schaller
Jennifer L. Parker
Wheeler Trigg O'Donnell LLP
370 Seventeenth Street, Suite 4500
Denver, CO 80202-5647
Telephone:  303.244.1800
Facsimile:  303.244.1879
Email:   odonnell@wtotrial.com
              schaller@wtotrial.com
              parker@wtotrial.com

Attorney for Defendant,
Complete Energy Services, Inc.

3

## CERTIFICATE OF SERVICE (CM/ECF)

I HEREBY CERTIFY that on June 20, 2016, I electronically filed the foregoing **DEFENDANT'S DESIGNATION OF NON-PARTIES AT FAULT** with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following email addresses:

- **Anthony Edward Derwinski**
  aderwinski@rs3legal.com

- **Melissa A. Hailey**
  mah@keatingwagner.com, deborah@keatingwagner.com,
  barbara@keatingwagner.com, mallory@keatingwagner.com,
  wrb@keatingwagner.com

- **Michael O'Brien Keating**
  mkeating@keatingwagner.com, deborah@keatingwagner.com,
  Leslie@keatingwagner.com, mallory@keatingwagner.com,
  Melissa@keatingwagner.com, Barbara@keatingwagner.com

- **Michael L. O'Donnell**
  odonnell@wtotrial.com, pointer@wtotrial.com, sun@wtotrial.com

- **Deirdre Elizabeth Ostrowski**
  deo@keatingwagner.com, deborah@keatingwagner.com,
  Leslie@keatingwagner.com, mallory@keatingwagner.com,
  Melissa@keatingwagner.com, Barbara@keatingwagner.com

- **Jennifer Lyn Parker**
  parker@wtotrial.com, testa@wtotrial.com

- **David Jonathan Schaller**
  schaller@wtotrial.com, farina@wtotrial.com

*s/ Jennifer L. Parker*